Frank V. Hoffner v. Henry D. Prettyman and Richard H. Parish, individually and trading as Prettyman & Parish, Appellants.

*Negligence—Master and servant—Question for jury.*

Builders under contract to furnish the necessary scaffolding for a subcontractor are liable for injuries resulting from its negligent construction.

The evidence being conflicting on the question of negligence, the case is properly for the jury.

Argued Oct. 6, 1897. Appeal, No. 39, Oct. T., 1897, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1896, No. 1250, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass. Before BRÉGY, J.

It appeared from the evidence that the defendants erected a scaffold to be used by plaintiff and others while working on a building being erected by defendants, that it was alleged that it was improperly braced and supported, and that defective and insufficient materials were used; that plaintiff was in the employ of Bohem & Bros., who were under an independent contract with defendants to do the cornice and tinwork of the building, and that while plaintiff was at work on the scaffold it broke and fell by reason of its negligent construction and the improper materials used, whereby plaintiff was injured.

There was evidence, although conflicting, of the alleged negligent construction of the scaffold.

The court refused to give binding instructions for defendants.

Verdict and judgment for plaintiff for $500. Defendants appealed.

*Error assigned* was refusal of binding instructions for defendants.

*Alex. Simpson, Jr.*, with him *T. M. Daly*, for appellants.— That the scaffold might have been built stronger, or not, is not the test: Fick v. Jackson, 3 Pa. Superior Ct. 378; Kehler v. Schwenk, 144 Pa. 348.

That the result shows it could have been built stronger is no proof of negligence: Sykes v. Packer, 99 Pa. 465; Railway v. Husson, 101 Pa. 1.

It is not the duty of the employer, after having provided material, ample in quantity and quality for the work his employees are engaged in, to supervise the selection of the material from the common stock: Ross v. Walker, 139 Pa. 42. See also Devlin v. Iron Co., 182 Pa. 109; Coal Co. v. McEnery, 91 Pa. 185.

*Thad. L. Vanderslice,* with him *Charles L. Smyth* and *Christopher H. Murray,* for appellee.—Where there is conflicting testimony as to the reasonable safeness of appliances, etc., the question is for the jury: Railroad Co. v. Keenan, 103 Pa. 124.

Binding instruction to the jury is only proper where the evidence is not conflicting: Spear v. Railroad Co., 119 Pa. 61.

Where there is any evidence of negligence on the part of the defendant it must be submitted to the jury: Murphy v. Crossan, 98 Pa. 495.

OPINION BY PORTER, J., November 19, 1897:

The defendants were engaged in a building operation. The plaintiff was in the employ of a firm who were doing the metal cornice work thereon, under a contract which required the defendants to furnish the necessary scaffolding. While the plaintiff was at his work, a part of this scaffolding fell with him, whereby he was injured. He sued to recover damages. The cause was submitted to the jury on the question of the negligent construction of the scaffold. The verdict was for the plaintiff. The defendants assign for error the refusal of the court below to give binding instructions to the jury to find for the defendants.

The scaffold in question was erected for a particular and temporary purpose. The plaintiff had a right to be upon it. The duty of the defendants was to erect and maintain it in a safe condition for the purpose intended.

In an effort to bring the case within the rule laid down in Kehler v. Schwenk, 144 Pa. 348, and Fick v. Jackson, 3 Pa. Superior Ct. 378, respecting the liability of employers to furnish safe appliances for their employees, one of the defendants offered his own testimony and that of some of his employees to show that the scaffold was originally erected "in the usual and ordinary manner" for such a purpose as that intended, but no other witness was called by the defendants "in the same line of business" to prove that the construction was according to the "general, usual and ordinary course." On the other hand, Cook, a witness for the plaintiff, testified: "Q. Can you say from that model if this is a proper way to build a scaffold? A. No, sir, I do not think it is. Q. Why? A. They usually have a figure four or a piece nailed down on the window or else upright on this piece, that is the piece that pulled out."

Havens (called as an expert by the plaintiff) testified that he did not consider the scaffold properly built or safe, and described the usual method of construction.

There was thus a sufficient conflict of testimony to require the case to be submitted to the jury on the question of the defendant's negligence, and the trial judge was not warranted in directing a verdict for the defendants.

Judgment affirmed.